# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### ELKINS

**DANIEL L. HALL, SR.,**

      Plaintiff,

v.

                                         **CIVIL ACTION NO. 2:14-CV-91
(BAILEY)**

**DALE GRIFFITH,** Unit Manager;
**RYAN ADDAMS,** Case Manager;
**JIM RUBENSTEIN,** DOC Commissioner;
**KAREN PSZCZOLKOWSKI,** Warden;
**JOANIE HILL,** Assistant Warden;
**BRANDY MILLER,** Assistant Warden;
**SHIRLEY HEVERNER,** Trustee Clerk;
**ROBERT SIMSA,** Corrections Officer;
**ROBERT FLESHER,** Corrections Officer;
**BENITA MURPHY,** Parole Board Member;
**JENNIFER HAYES,** Correctional Hearing
Officer; **RUSS POWELL,** Corrections Officer;
**JOSEPH THORNTON,** Parole Board Member;
**BRENDA STUCKY,** Parole Board Member;
and **JAMES COLOMBO,** Parole Board Member,

      Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the

Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc.

43]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge

Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate

Judge Seibert filed his R&R on September 22, 2015, wherein he recommends this Court

dismiss the plaintiff's § 1983 Complaint with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Plaintiff timely filed his Objections [Doc. 45] on October 7, 2015.

## Discussion

Plaintiff's Complaint [Doc. 1] first alleges that certain defendants destroyed his grievances and/or denied them. The support provided for this claim states that "every grievance, no matter what its (sic) about is denied, every appeal, denied, even when it clearly shows civil, constitutional rights violations." [Doc. 1 at 5]. After citing the applicable law, the magistrate judge notes that the plaintiff has not attempted to identify which defendants allegedly destroyed his grievances, which grievances were allegedly destroyed, when or how they were destroyed, or why. Further, the magistrate judge concludes that to the extent that the plaintiff may be asserting a constitutional violation, this claim is also without merit because that is not the type of personal involvement required to state a claim.

2

*See* **Paige v. Kuprec**, 2003 WL 23274357 *1 (D. Md. March 31, 2003).

Plaintiff's purported objection simply asks the question that is a recurring theme throughout: "How can I prove that an official destroyed the grievances? It was naturally not done in my presence." Conceding that he cannot prove his claim, and for the reasons stated by the magistrate judge, this Claim must be dismissed.

Indeed, the majority, if not all of the plaintiff's objections are a series of conclusory statements which offer no factual or legal support. They simply state that the R&R is wrong or that he does state a claim. Such a blanket objections do not warrant *de novo* review. "To the extent petitioner fails to point to a specific error in the R&R and simply makes conclusory objections, the Court need not conduct a *de novo* review. **Smith v. Washington Mut. Bank FA**, 308 F.App'x 707, 708 (4th Cir. 2009) ('The court need not conduct *de novo* review . . . "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."') (quoting **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982))." **Cabbagestalk v. McFadden**, 2015 WL 4077211 (D.S.C. July 1, 2015). As such, the plaintiff's Objections will be treated accordingly.

The plaintiff's Complaint is of a similar nature to his objections. For instance, the remainder of the plaintiff's claims are categorized as follows in the R&R. As to claims of unjust punishment and/or retaliation, "plaintiff merely makes conclusory and self-serving allegations of retaliation. He provides no specific facts in support of such a claim and absolutely no evidence to support even a *prima facie* case of retaliation. He fails to identify any constitutionally protected right he was exercising or any motive for such alleged

3

retaliatory acts." [Doc. 43 at 12]. To the extent plaintiff may have asserted claims of unjust punishment, "any such claims are conclusory and self-serving allegations of retaliation. Plaintiff has provided no specific facts in support of any of these claims and absolutely no evidence to support even a *prima facie* case . . .. He fails to identify what constitutionally protected right he was exercising or identify any plausible motive for the alleged retaliatory acts." Id. at 15. As to plaintiff's claim that defendant Rubenstein had him written up, this claim has no merit "as the Commissioner of the West Virginia Division of Corrections, conceivably could have been involved in a Level 3 denial of an inmate's grievance appeal, he would never have been involved in having any inmate initially 'written up.'" Id. at 16.

As to plaintiff's claim that certain defendants retaliated against him by requiring him to put 50% of money sent to him into savings, "it is apparent that any moneys in excess of 10% being transferred from plaintiff's Prison Trust Account into his mandatory savings account at this time are being deducted 'within three months of his/her first parole eligibility date and all times thereafter,' and not for any retaliatory purpose." Id. at 18-19 (quoting WVDOC Policy Directive 457.09). As to plaintiff's claim that defendants refused to give him the ledger sheets from his Trust Account necessary for filing *pro se* lawsuits, the magistrate judge, in finding the claim without merit, noted "a PACER search performed on September 14, 2015 reveals that in the less-than-ten-months between November 14, 2014 and September 4, 2015, plaintiff has managed to file no less than 13 civil actions, both in this district and in the Southern District of West Virginia . . .." Id. at 19. These claims for retaliation lack any merit and must be dismissed.

As to the plaintiff's deliberate indifference/failure to protect claims, to the extent he

is suing defendants Pszczolkowski, Hill and Rubenstein in their individual capacities, the magistrate judge correctly notes plaintiff fails to state a claim because, "in order to establish personal liability against a defendant in a 1983 action, the defendant must be personally involved in the alleged wrong(s); liability cannot be predicated solely under *respondeat superior.*" Id. at 21 (citing ***Monell v. Dept. of Soc. Servs.***, 436 U.S. 658 (1978)).

The R&R notes that the plaintiff does not allege any personal involvement by these defendants. Indeed, the R&R points out that the entirety of plaintiff's Complaint "does not even allege that he was assaulted or provide any details about it at all; it merely makes the blanket allegation that the defendants . . . were deliberately indifferent for the same group of offenses: 'destroying grievances, denying grievances, given 30 days segregation for self-defence (sic), gave out confidential PREA statement, co's did nothing during my beating, stealing mail.'" Id. at 21. The R&R correctly notes that most of plaintiff's claims are similar in this regard, categorizing them as "merely a list of defendants accompanied by a laundry list of claims and a list of allegedly wrongful acts, set forth without identifying which defendants committed them; which did not; or how, where and when the acts occurred." Id. at 22. And again, the plaintiff's objections are simply more of the same baseless allegations and conclusory accusations. Accordingly, these claims must be dismissed.

Plaintiff's final claim asserts retaliatory denial of his First Amendment right to practice his chosen religion by denying him his six yearly Zoroastrian religious feasts, limiting him to chose just one. After conducting a thorough recitation of the exercise of freedom of religion in the prison context, the R&R concluded again that the plaintiff's claims were insufficiently pleaded. In so finding, the magistrate judge found "plaintiff provides a

list of defendants under the claim . . . and merely states that he was denied the right to have six feasts per year. Not only has plaintiff failed to even allege, let alone establish that any of these defendants were personally involved in any violation of his constitutional rights, he has not made the specific showing required to demonstrate that but for his protect conduct in practicing his Zoroastrian religion, he would not have been subjected to the alleged retaliatory act of these defendants. He has provided no information as to how these defendants denied his First Amendment right to practice his chosen religion. Plaintiff has not even attempted to meet his burden of persuasion under 42 U.S.C. § 2000cc-2(b), necessary to demonstrate that any WVDOC policy or practice substantially burdens his exercise of religion." Id. at 28. The magistrate judge concluded, "[b]ecause he has not done so, the Court is not required to assess whether the burden was 'substantial.'" Id. at 28-29. Plaintiff's objections to this sound conclusion are again of no value. They simply state: "I have shown this countless times in the grievance process." Such an objection must be overruled. Accordingly, this claim is also dismissed.

## Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 43]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The defendants' Motion for Summary Judgment **[Doc. 15]** and Motion to Dismiss **[Doc. 17]** are **GRANTED**. The plaintiff's Objections **[Doc. 45]** are **OVERRULED**. Accordingly, this Court **ORDERS** that the Complaint **[Doc. 1]** be **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendants and to **STRIKE** this case from the

active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** October 26, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE